1  PHILLIP A. TALBERT
   Acting United States Attorney
2  ANTONIO J. PATACA
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5
6  Attorneys for Plaintiff
   United States of America
7
8              IN THE UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10
11 UNITED STATES OF AMERICA,          CASE NO. 1:19-CR-00184-DAD-BAM

12                     Plaintiff,     STIPULATION REGARDING EXCLUDABLE
                                      TIME PERIODS UNDER SPEEDY TRIAL ACT;
13          v.                        FINDINGS AND ORDER

14 TROY WAYNE REISS,

15                     Defendant.

16

17                          **BACKGROUND**

18         This case is set for a Status Conference on October 27, 2021.  On May 13, 2020, this Court

19 issued General Order 618, which suspends all jury trials in the Eastern District of California "until

20 further notice."   Under General Order 618, a judge "may exercise his or her authority to continue

21 matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611

22 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's

23 discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-

24 by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the

25 request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

26 will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and

27 previous General Orders were entered to address public health concerns related to COVID-19.

28         Although the General Orders address the district-wide health concern, the Supreme Court has

1  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

2  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

3  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

4  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

5  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

6  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

7  or in writing").

8      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

10  justice continuances are excludable only if "the judge granted such continuance on the basis of his

11  findings that the ends of justice served by taking such action outweigh the best interest of the public and

12  the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

13  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

14  the ends of justice served by the granting of such continuance outweigh the best interests of the public

15  and the defendant in a speedy trial."  *Id.*

16     The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

17  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

18  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

19  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

20  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

21  recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

22  *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

23  following the September 11, 2001 terrorist attacks and the resultant public emergency).

24     The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

25  proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

26  exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

27  continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

28  1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a Status Conference date of January 12, 2022.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for Status Conference on October 27, 2021.

2.      By this stipulation, defendant now moves to continue the case and schedule a Status Conference on January 12, 2022, at 1:00 p.m., and to exclude time between October 27, 2021, and January 12, 2022, at 1:00 p.m., under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government provided discovery, supplemental discovery, and provided defense counsel with a proposed plea agreement.  The defendant is continuing to review the discovery and consider the plea agreement.

b)      Counsel for defendant desires additional time to review discovery, conduct investigation and research related to the serious nature of the charges, conduct research into any mitigating factors, consult with her client, discuss a potential plea, and to otherwise prepare for trial.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into

1    account the exercise of due diligence.

2          d)      The government does not object to the continuance.

3          e)      Based on the above-stated findings, the ends of justice served by continuing the

4    case as requested outweigh the interest of the public and the defendant in a trial within the

5    original date prescribed by the Speedy Trial Act.

6          f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

7    et seq., within which trial must commence, the time period of October 27, 2021 to January 12,

8    2022, at 1:00 p.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv)

9    [Local Code T4] because it results from a continuance granted by the Court at defendant's

10   request on the basis of the Court's finding that the ends of justice served by taking such action

11   outweigh the best interest of the public and the defendant in a speedy trial.

12         4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

13   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

14   must commence.

15         IT IS SO STIPULATED.

16

17

18   Dated:  October 18, 2021                    PHILLIP A. TALBERT
                                                 Acting United States Attorney

19

20                                               /s/ ANTONIO J. PATACA
                                                 ANTONIO J. PATACA
21                                               Assistant United States Attorney

22

23   Dated:  October 18, 2021                    /s/ MONICA BERMUDEZ
                                                 MONICA BERMUDEZ
24                                               Counsel for Defendant
                                                 TROY WAYNE REISS

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME          4
PERIODS UNDER SPEEDY TRIAL ACT

1

## **ORDER**

2
   IT IS SO ORDERED that the status conference is continued from October 27, 2021, to **January**
3
**12, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to
4
18 U.S.C.§ 3161(h)(7)(A), B(iv).

5

IT IS SO ORDERED.
6

7
 Dated: **October 18, 2021**    /s/ *Barbara A. McAuliffe*
8
           UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME   5
PERIODS UNDER SPEEDY TRIAL ACT